IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| TERRY ALLAN McKEE and JOANNA LYNN McKEE, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 12-2406-STA-tmp ) |
| AMERICAN BROKERS CONDUIT and WELLS FARGO HOME MORTGAGE, | ) ) ) ) |
| Defendants. | ) |

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the Court is Defendant Wells Fargo Home Mortgage's ("Wells Fargo") Motion for Summary Judgment (D.E. # 32), filed July 15, 2013. Plaintiffs Terry Allan McKee and Joanna Lynn McKee (collectively, "Plaintiffs") filed a Response (D.E. # 36) on August 29, 2013. Wells Fargo filed a Reply (D.E. # 37) on September 12, 2013. For the reasons discussed herein, the Court **GRANTS** Wells Fargo's Motion for Summary Judgment.

**BACKGROUND**

Except where noted, the Court finds the following facts undisputed for the purposes of summary judgment.

Plaintiffs executed a Note, dated July 16, 2007, for $275,000.00 with regard to the property located at 4486 S. Greystone Oaks Cove, Arlington Tennessee 38002. (Fry Aff. ¶ 3, D.E. # 33-1). Plaintiffs also executed a Deed of Trust dated July 16, 2007 with regard to the

1

same property, which was recorded with the Shelby County Register's Office on July 19, 2007. (Frye Aff. ¶ 3; Deed of Trust, Exhibit 2, D.E. # 33-1).

The Note executed by Plaintiffs states that the "Lender is American Brokers Conduit." (Frye Aff. ¶ 4; Note, Exhibit 1, D.E. # 33-1). The Note further states, "I understand that the Lender may transfer this note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the 'Note Holder.'" (Frye Aff. ¶ 4; Note). The Note was made payable by American Brokers Conduit ("ABC") to Wells Fargo. (Frye Aff. ¶ 5; Note). Counsel for Wells Fargo has the original Note in his possession. (Frye Aff. ¶ 5).

The Deed of Trust provides that "The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to the Borrower." (Frye Aff. ¶ 6; Deed of Trust). The Deed of Trust also provides that Mortgage Electronic Registration Systems, Inc. ("MERS") is a "nominee" for ABC and its successor and assigns and that MERS "is the beneficiary" under the Deed of Trust. (Frye Aff. ¶ 6; Deed of Trust). The Deed of Trust provides that MERS holds legal title to the interests granted by the Deed of Trust and has the right to exercise "those interests, including, but not limited to, the right to foreclose and sell the Property." (Deed of Trust).

MERS "as nominee for American Brokers Conduit, its successors and assigns," assigned the Deed of Trust to Wells Fargo Bank, N.A. on August 9, 2011 and the assignment was recorded with the Shelby County Register's Office on August 11, 2011 as Instrument Number 11078351. (Frye Aff. ¶ 7; Assignment, Exhibit 3, D.E. # 33-1). The assignment of Plaintiff's Deed of Trust was executed by Noreen Leak ("Leak"). (Frye Aff. ¶ 7). By Corporate Resolution of MERS, effective August 2, 2011, Leak was appointed as a signing officer with the title of Assistant Secretary of MERS (Frye Aff. ¶ 7; Corporate Resolution, Exhibit 4, D.E. # 33-1).

Plaintiffs defaulted on the Note by failing to make payments when they were due. (Frye Aff. ¶ 8). The Note is currently in arrears. (*Id.*).

ABC filed for Bankruptcy on August 2, 2007.[1] The Bankruptcy Court for the District of Delaware specifically gave ABC the authority to transfer property. (Bankruptcy Order, D.E. # 33-2). In its Order Confirming the Amended Chapter 11 Plan of Liquidation of the Debtors, the Court established the guidelines for "Consideration of Loan Modification Requests" by the "Debtors," which includes ABC (*Id.* at p. 1, n.1 and p.41, ¶ 53). The Order provides that "[f]or the avoidance of doubt, nothing in this section shall be construed to . . . prevent the Debtors or the Plan Trustee from selling any Mortgage Loans." (*Id.* at p.41, ¶ 53).[2]

On May 16, 2012, Plaintiffs filed a Complaint in the Chancery Court of Shelby County, Tennessee, which was removed to this Court on May 29, 2013 (D.E. # 1). Wells Fargo filed a Motion to Dismiss the Complaint (D.E. # 15). The Court entered an Order (D.E. # 21), which granted in part the Motion to Dismiss and gave Plaintiffs leave to amend their Complaint on the claims related to any fraud arising from MERS's assignment of the Deed of Trust. On June 24, 2013, Plaintiffs filed an Amended Complaint (D.E. # 25).

---

[1] Although the parties present no facts to support this, Plaintiffs alleged it in their Amended Complaint and Wells Fargo notes in its Motion that ABC entered Bankruptcy Proceedings.

[2] Plaintiffs mark as disputed all facts regarding the Bankruptcy Order. Specifically, Plaintiffs state that the Bankruptcy Order speaks for itself but Plaintiffs do not accept Defendant's interpretation of the meaning of the Court order. Since Plaintiffs appear to admit the existence of the Order and have presented no opposing evidence, the Court takes these facts as undisputed for purposes of summary judgment.

## **STANDARD OF REVIEW**

A party is entitled to summary judgment if it "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[3] In reviewing a motion for summary judgment, the court "may not make credibility determinations or weigh the evidence[,]"[4] but instead must view the evidence in the light most favorable to the nonmoving party.[5] When the movant supports their motion with documentary proof such as depositions and affidavits, the nonmoving party may not rest on her pleadings but, rather, must present some "specific facts showing that there is a genuine issue for trial."[6] It is not sufficient for the nonmoving party "simply [to] show that there is some metaphysical doubt as to the material facts."[7] These facts must constitute more than a scintilla of evidence, and must rise to the level that a reasonable juror could find by a preponderance of the evidence the nonmoving party is entitled to a verdict.[8] To determine whether it should grant summary judgment, the court should ask "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."[9]

A court must enter summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, on which that

---

[3] Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Canderm Pharmacal, Ltd. v. Elder Pharms, Inc.*, 862 F.2d 597, 601 (6th Cir. 1988).

[4] *Adams v. Metiva*, 31 F.3d 375, 379 (6th Cir. 1994).

[5] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[6] *Celotex*, 477 U.S. at 324.

[7] *Matsushita*, 475 U.S. at 586.

[8] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

[9] *Id.* at 251-52.

party will bear the burden of proof at trial."[10] The Sixth Circuit interprets this to mean that "the nonmoving party . . . 'put up or shut up' [on] the critical issues of his asserted causes of action."[11]

## ANALYSIS

In their Amended Complaint, Plaintiffs claim that (1) Wells Fargo doesn't have lawful ownership or a security interest in the property because the Note and Deed of Trust were unlawfully sold; (2) Leak was not authorized to execute the assignment from MERS to Wells Fargo; (3) Wells Fargo cannot show possession or ownership of the original Note or Deed of Trust and therefore has an imperfect security interest; and (4) ABC had no authority to execute the assignment because it was in bankruptcy proceedings at the time of the assignment. Plaintiffs also incorporated in their Amended Complaint everything from their original Complaint. To the extent that Plaintiffs' Amended Complaint asserts claims that the Court dismissed from the original Complaint, those Claims are not properly before the Court and are dismissed.

### Ownership of the Note and Deed of Trust.

Plaintiff's Amended Complaint challenges Wells Fargo's right to enforce the Note and Deed of Trust. It alleges that Wells Fargo cannot show receipt, possession, or ownership of the original Note or Deed of Trust and that because of this Wells Fargo has an imperfect security interest. This is factually incorrect. The record shows that the Note was made payable to Wells Fargo and the Deed of Trust was assigned to Wells Fargo. Both the endorsed Note and the assignment agreement were recorded. Furthermore, Counsel for Wells Fargo has the original

---

[10] *Celotex*, 477 U.S. at 322.

[11] *Lord v. Saratoga Capital, Inc.*, 920 F. Supp. 840, 847 (W.D. Tenn. 1995) (citing *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989)).

5

Note in his possession. Finally, both the Note and the Deed of Trust allowed for such an assignment. Plaintiffs have presented the Court with no evidence to rebut these facts. As such, the Plaintiffs have not offered enough to challenge Wells Fargo's enforcement of the Note and the Court **GRANTS** Summary Judgment on this claim.

### Plaintiffs Lack Standing to Challenge the Assignment

Plaintiffs challenge the assignment of the Deed of Trust from MERS, as ABC's nominee, to Wells Fargo. Specifically, they argue that Noreen Leak lacked authority to assign the Deed of Trust as an assistant secretary of MERS while also being employed by Wells Fargo. They also argue that ABC could not assign the Note and Deed of Trust while in Bankruptcy proceedings. Finally, Plaintiffs argue that Wells Fargo does not have a lawful interest or a security interest in the property because the Note and Deed of Trust were unlawfully sold or assigned.[12]

Wells Fargo argues that Plaintiffs lack standing to challenge the assignment of the Deed of Trust because they were not parties to the assignment. The Court agrees. The Sixth Circuit has held that where "plaintiffs were not a party to the MERS assignment . . . they have no standing to contest that transfer."[13] Here, Plaintiffs were not a party to the assignment, which was made between MERS, as nominee of ABC, and Wells Fargo. Thus, Plaintiffs do not have standing to challenge Leak authority to assign the Deed of Trust, the validity of assignment during ABC's pending bankruptcy, or whether the assignment was lawful.

---

[12] It is unclear whether this is the Fraud claim that Plaintiffs were given leave to amend. Wells Fargo does not respond to this argument in its Motion for Summary Judgment. However, the Court will address it along with the other two arguments challenging the validity of the assignment.

[13] *Robinson v. Select Portfolio Servicing, Inc.*, 522 Fed. Appx. 309, 312 (6th Cir. 2013).

## **CONCLUSION**

Because Wells Fargo has an ownership interest in the Note and Deed of Trust and Plaintiffs lack standing to challenge the assignment of the Deed of Trust, the Court **GRANTS** Defendant's Motion for Summary Judgment.

**IT IS SO ORDERED.**

                                                **s/ S. Thomas Anderson**
                                                S. THOMAS ANDERSON
                                                UNITED STATES DISTRICT JUDGE

                                                Date:  October 23, 2013.